## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-560-HEA |
| | ) | |
| CLAY STANTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Mitchell Moore, Jr. (registration no. 519368), an inmate at Southeast Correctional Center ("SCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

## The Complaint

On May 13, 2021, self-represented plaintiff Mitchell Moore, Jr. filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against Clay Stanton (Deputy Warden, Bowling Green Correctional Center) and Thomas Irwin (Mental Health Director, Missouri Eastern Correctional Center). Plaintiff names both defendants in their official and individual capacities. At the time the events in the complaint took place, plaintiff was an inmate at the Missouri Eastern Correctional Center and defendant Stanton worked at that institution.

In the complaint, plaintiff asserts that he suffers from mental illness, including "intermittent explosive disorder" and "antisocial personality disorder." Plaintiff alleges that on April 29, 2020 he "became psychotic and declared [himself] suicidal." While he was being escorted out of his cell, plaintiff states he was accused of spitting on a non-defendant correctional officer and was immediately placed on "special security orders" by defendant Stanton.

On April 30, 2020, plaintiff states he "became angry and urinated on the cell floor, and moments later covered the cell door window and surveillance video camera with his own feces." Plaintiff alleges that he subsequently met with defendant Irwin and plaintiff agreed to clean his cell, however, defendant Stanton did not permit him access to cleaning supplies. As a result, plaintiff states he was forced to eat his meals in unsanitary conditions until May 4, 2020. Plaintiff alleges defendant Irwin should have ensured him access to the proper cleaning supplies.

For relief, plaintiff seeks "$10,000.00 each day for actual, punitive and mental stress, for a total of $150,000."

### Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

**A.  Three Strikes Rule**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited

if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B. Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Moore v. Feldman*, No. 4:18-cv-942-SPM (E.D. Mo. Aug. 6, 2018), *Moore v. Williams, et al.*, No. 4:20-cv-537-RLW (E.D. Mo. May 15, 2020), and *Moore v. Williams*, No. 4:20-cv-1416-RLW (E.D. Mo. Feb. 3, 2021).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

3

After carefully reviewing the instant complaint, the Court finds that his allegations do not show he is in imminent danger of serious physical injury. Plaintiff states he was subjected to unsanitary conditions of confinement from April 30, 2020 to May 4, 2020 after he defecated in his own cell and was forced to reside within that cell without cleaning supplies. Nothing in the complaint alleges that plaintiff is at a continuing risk or that he is in danger of encountering similar unsanitary conditions. Notably, plaintiff is no longer incarcerated at the institution where the alleged violations occurred. Allegations of past harm are insufficient to trigger the imminent danger exception to § 1915(g). *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). In this case, plaintiff alleges only past harm.

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

### C. Dismissal as Duplicative Litigation

Even if plaintiff were granted *in forma pauperis* status, his case would still be subject to dismissal. Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

On November 12, 2020, prior to filing the complaint in this case, plaintiff brought an action against defendant Stanton, which is currently pending before this Court. *See Moore v. Stanton*, Case No. 4:20-CV-1624-HEA (E.D. Mo.) (hereinafter *Stanton I*). In *Stanton I*, plaintiff claims he was "forced to live in [an unsanitary] and unsafe environment from April 30, 2020 to May 4, 2020" after he urinated and defecated on his cell floors, window, and security camera. Although plaintiff did not name Mr. Irwin as a defendant in *Stanton I*, he alleged that Mr. Irwin informed him that defendant Stanton would not permit him access to cleaning supplies. Plaintiff seeks the same monetary relief here as he does in *Stanton I*. On March 24, 2021, the Court dismissed plaintiff's official capacity claim against Stanton, but issued process against him in his individual capacity as to the conditions of confinement claim. *Id.*

Because the allegations raised here have been brought in another case pending before the Court, this action is subject to dismissal as duplicative litigation. The parties, issues, and available relief do not significantly differ between the instant case and *Stanton I*. *See I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While plaintiff has not included a claim against Mr. Irvin in *Stanton I*, this does not change the fact that the issues he raises here are directly related to the issues in the previously filed pending litigation and can all be addressed there. The Court therefore concludes that the instant action is subject to dismissal because it is duplicative of *Stanton I*. *See Aziz*, 976 F.2d 1158 (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 4. The motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 24th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6